UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:19-CV-00144-JHM**

**DAMIEN A. SUBLETT**                                                                                                  **PLAINTIFF**

**v.**

**JESSICA HALL,** *et al.*                                                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion Pursuant to Rule 60(b) [DN 133]. Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

In his initial Complaint, the Plaintiff, Damien A. Sublett ("Sublett"), raised constitutional claims against the Defendants, various officials at the Green Rivers Correctional Complex. [DN 1]; [DN 22]. The Court granted the Defendants' Motions for Summary Judgment on those claims. [DN 117]. Sublett then filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e), maintaining the Court erred in awarding summary judgment to every Defendant on every claim. [DN 119]. Finding Sublett's motion largely rehashed his previous arguments, the Court denied the motion and again sided with the Defendants. [DN 127]. Shortly thereafter, Sublett filed a notice of appeal of the initial opinion awarding summary judgment to the Defendants and the opinion denying his motion to reconsider. [DN 128]. Now, Sublett has filed a Motion Pursuant to Rule 60(b), aiming to reverse the Court's previous opinion and "set a trial date." [DN 133 at 8].

### II. STANDARD OF REVIEW

Under Rule 60(b), a court "may relieve a party . . . from a final judgment, order, or proceeding for" one of several listed reasons. Fed. R. Civ. P. 60(b). "Relief under Rule 60(b),

moreover is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Doe v. Lexington–Fayette Urban Cnty. Gov't*, 407 F.3d 755, 760 (6th Cir.2005) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). "Reiteration of a previously rejected argument does not warrant Rule 60(b) relief." *White v. United States*, No. 18-3090, 2018 WL 11337479, at *2 (6th Cir. Jun. 7, 2018). But "[a] Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *Gen Corp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007); *see also Houston v. Foley*, No. 21-3456, 2022 WL 1563148, at *2 (6th Cir. Feb. 1, 2022). When a party files a Rule 60(b) motion after having filed a notice of appeal in the Sixth Circuit, "the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in [the Sixth Circuit] for a remand of the case in order that the District Court may grant the motion . . . ." *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976) (quoting *Smith v. Pollin*, 194 F.2d 349, 350 (D.C. Cir. 1952)).

### III. DISCUSSION

Procedurally, Sublett filed this motion under Rule 60(b) after he had already filed a notice of appeal of the Court's previous judgment. *See* [DN 128]. While a notice of appeal typically deprives a district court of jurisdiction over a dispute, in the case of a Rule 60(b) motion, the district court—instead of dismissing the case—should indicate whether "it will grant the motion[.]" *First Nat'l Bank of Salem*, 535 F.2d at 346. Thus, the Court must review the merits of Sublett's motion.

Of the justifications for setting aside a judgment under Rule 60(b), Sublett relies exclusively on Rule 60(b)(6). [DN 133 at 1]. This subsection permits relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 312 (6th Cir. 2019) (deeming 60(b)(6) a "catchall provision"). "[C]ourts should apply

2

Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not address by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Sublett fails to present any "extraordinary circumstances" meriting relief under Rule 60(b)(6). In essence, this motion represents yet another attempt to relitigate the Court's previous award of summary judgment to the Defendants. *See* [DN 117]; *see also* [DN 127]. Sublett contends the Court and the Defendants overlooked "direct evidence" showing that "the Commissioner of [the Kentucky Department of Corrections] is the figurehead over penal institutions and their occupants" and that he found Sublett's claims "non-grievable." [DN 133 at 3–4]. Contrary to Sublett's assertions, the Defendants responded to this position in their initial Reply. [DN 97 at 5–8]. On two separate occasions, the Court reviewed these arguments, the evidence, and the relevant law and ultimately sided with the Defendants, finding Sublett either failed to file a proper grievance or ignored the proper procedure. [DN 117 at 7–8]; [DN 127 at 3–4]. A third review of these arguments does not constitute an "exceptional or extraordinary circumstance" under Rule 60(b).

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Sublett's Motion Pursuant to Rule 60(b) [DN 133] is **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

July 11, 2022

cc: Damien A. Sublett, *pro se*
Counsel of Record

3